```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

OSVALDO VASQUEZ,                               :

                    Petitioner,                :

        -against-                              :   REPORT AND RECOMMENDATION

JAMES J. WALSH, SUPERINTENDENT,                :      06 Civ. 3112 (PKC)(KNF)
SULLIVAN CORRECTIONAL FACILITY,
                                               :
                    Respondent.
------------------------------------------------------------ X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE P. KEVIN CASTEL, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Osvaldo Vasquez ("Vasquez"), proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner alleges his confinement by the state of New York is unlawful because: (a) the evidence presented at his second trial was legally insufficient to support his conviction; (b) his right to a fair trial was violated when the trial court denied improperly his challenges for cause to three prospective jurors; and (c) his Due Process right to a fair trial was violated when the trial court denied his request for an adjournment of the trial proceedings in order to allow him to prepare, and submit to the court, for its endorsement, material witness orders compelling the attendance and testimony of four persons who testified at his first trial. The respondent opposes the petition.

## II. BACKGROUND

On December 16, 2000, Vasquez approached Detective Angel Arcentales ("Arcentales"), who was part of a team conducting an undercover buy-and-bust operation, and offered to procure

cocaine for him. Vasquez told Arcentales to follow him and took four $20 notes, of pre-recorded buy money, from Arcentales to acquire the cocaine. After they walked for about 20 minutes, during which time Vasquez was unsuccessful in procuring cocaine, Arcentales told Vasquez he wanted to end their quest and have his money returned to him. Agitated by this request, Vasquez returned $40 to Arcentales. Arcentales demanded the remaining $40, to which Vasquez responded that Arcentales did not give him $80. Nevertheless, he retrieved another $20 note from his pocket and gave it to Arcentales. When Arcentales demanded the return of the last $20, Vasquez grabbed his wrist and a struggle ensued.

Vasquez drew an object from his waistband that appeared to be a weapon. Fearing for his life, Arcentales drew his gun and shot Vasquez. After he was shot, Vasquez stood for a while with the object in his hand, before dropping it in a puddle on the ground. The object Vasquez retrieved from his waistband was a black-colored folding knife with a silver blade. Other police officers who responded to the scene of the shooting arrested Vasquez and recovered the remaining $20 of pre-recorded buy money from his pocket.

On January 30, 2001, a grand jury indicted Vasquez for first-degree robbery. See New York Penal Law ("PL") § 160.15. After a suppression hearing, Vasquez proceeded to trial before a petit jury. On October 17, 2001, a mistrial was declared, thus ending that proceeding. A second jury trial commenced on February 19, 2002. On February 26, 2002, upon conclusion of the prosecution's direct case, Vasquez made an oral application that the court issue material witness orders for four persons who had testified at Vasquez's first trial. The court denied Vasquez's application and the defense rested without presenting any witnesses. A guilty verdict was rendered later that day. On May 22, 2002, Vasquez was sentenced, as a second felony

offender, to a determinate prison term of 14 years.

Vasquez appealed to the New York State Supreme Court, Appellate Division, First Department, from the judgment of conviction. In that court, Vasquez argued: (1) the evidence presented at his trial was legally insufficient to support his conviction; (2) the trial court deprived him of his right to be tried by a jury of his choice, when it denied improperly his challenges for cause to three prospective jurors; (3) his Due Process right to a fair trial was violated when the court denied his request for an adjournment of the trial proceedings in order to permit him to prepare, and submit to the court, for its endorsement, material witness orders compelling the attendance and testimony of four persons who had testified at his first trial; and (4) his sentence was excessive, in light of his prolonged history of mental illness and the fact that he was shot during the robbery.

On November 10, 2005, the Appellate Division modified the judgment of conviction, in the interest of justice, by reducing the petitioner's sentence to a term of 8 years imprisonment, and otherwise affirmed the judgment of conviction. See People v. Vasquez, 23 A.D.3d 222, 806 N.Y.S.2d 3 (App. Div. 1st Dep't 2005). The Appellate Division found that: (a) Vasquez's insufficient evidence claims were unpreserved for appellate review, but the court noted that were it to review the claims it would find that the verdict was based on legally sufficient evidence; (b) the trial court denied Vasquez's challenges for cause to three prospective jurors properly because, contrary to his assertions, the prospective jurors stated unambiguously that each would decide the case impartially and based on the evidence. Furthermore, none of them displayed any bias in favor of police officers; (c) the trial court exercised its discretion properly in denying Vasquez a mid-trial adjournment for the purpose of preparing material witness orders for several

uncooperative prospective defense witnesses; and (d) Vasquez's constitutional argument was unpreserved for appellate review, but even if it were to be reviewed by the court, it would be rejected.  Thereafter, Vasquez sought leave to appeal to the New York Court of Appeals.  On January 25, 2006, the New York Court of Appeals denied Vasquez's request for leave to appeal to that court.  See People v. Vasquez, 6 N.Y.3d 782, 811 N.Y.S.2d 349 (2006).  The instant petition followed.

### III. DISCUSSION

An application for a writ of habeas corpus made by a prisoner in custody pursuant to a judgment entered in a state court may be granted only upon a finding that the prisoner is in custody in violation of the Constitution, laws or treaties of the United States.  See 28 U.S.C. § 2254(a).

*Insufficient Evidence*

When challenging the sufficiency of the evidence underlying a state criminal conviction, a petitioner bears a heavy burden of demonstrating that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 324, 99 S. Ct. 2781, 2791-92 (1979); United States v. Soto, 716 F.2d 989, 991 (2d Cir. 1983).  "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."  Jackson, 443 U.S. at 326, 99 S. Ct. at 2793.  A reviewing court must resolve all issues of credibility in favor of the jury's verdict.  See United States v. Tyler, 758 F.2d 66, 68 (2d Cir. 1985).  New York statutory law provides that "[a] person is guilty of robbery in

the first degree when he forcibly steals property and when, in the course of the commission of the crime" he "[u]ses or threatens the immediate use of a dangerous instrument." PL § 160.15(3).

At trial, Arcentales testified that, when he demanded the last $20 from Vasquez, Vasquez grabbed his arm and pulled Arcentales toward him. At that time, Arcentales testified, he knew Vasquez was going to rob him because Vasquez refused to return his money to him. Arcentales testified further that he tried to free himself and that a struggle ensued, during which he saw Vasquez place his hand in his back waistband and withdraw a silver and black object. Arcentales also testified that, after Vasquez pulled an object from his waistband, he started coming toward him, prompting Arcentales to: (a) believe that he would be killed; and (b) draw his gun and shoot Vasquez. Arcentales testified that, after Vasquez was shot, he stood still for a few moments before dropping the object, which Arcentales saw and recognized as a knife, when it hit the street and landed in a puddle. Detective Kevin J. Lange, who was shadowing Arcentales, also testified that he saw Vasquez reach to his rear waistband, while holding Arcentales at the wrist, and retrieve a black and shiny object. Detective Donald Burton testified that he was the first to approach Arcentales and Vasquez after a shot was fired and, after Arcentales pointed to the puddle of water, approximately six feet from Vasquez, he observed a closed black folding knife with a silver blade in the puddle.

The above-recounted testimony demonstrated to the jury that, when Arcentales demanded his $20, Vasquez responded with force and retrieved a knife from his waistband to prevent Arcentales from obtaining his money. Based on the above-noted testimony, a jury could have found rationally, and beyond a reasonable doubt, that Vasquez's use of physical force and his retrieval of the knife evinced Vasquez's intent to use or threaten the immediate use of a

5

dangerous instrument, to prevent or overcome Arcentales' resistance to Vasquez's retention of Arcentales' $20.  Accordingly, the Court finds that the evidence presented at the petitioner's trial was sufficient to convict Vasquez.  The Court finds further that Vasquez has failed to demonstrate that he is in New York's custody in violation of the Constitution, based on his allegation that insufficient evidence was presented at his trial to secure a conviction.

*Denial of Challenges For Cause to Prospective Jurors*

Vasquez contends his right to a fair trial, by an impartial jury, was violated because: (a) the trial court denied his challenges for cause to three prospective jurors; and (b) he was forced to exhaust his peremptory challenges to remove from the venire those prospective jurors he considered biased.  The respondent contends Vasquez's claim does not constitute a ground for habeas corpus relief because the jurors whose bias Vasquez challenged did not serve on the jury.

The Sixth Amendment grants a criminal defendant the right to a trial "by an impartial jury."  See U.S. Const. amend. VI.  "The right to an 'impartial jury' is also grounded on principles of due process."  United States v. Barnes, 604 F.2d 121, 169 (2d Cir. 1979).  It includes "the right to take reasonable steps designed to insure that the jury is impartial" and one of the most important devices for doing so is the jury challenge, of which there are two types: "'for cause,' where actual bias is admitted or presumed" and "'peremptory,' where bias is suspected or inferred."  Id.  However, "peremptory challenges are not of constitutional dimension" and their loss does not constitute "a violation of the constitutional right to an impartial jury."  Ross v. Oklahoma, 487 U.S. 81, 88, 108 S. Ct. 2273, 2278 (1988).  "So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated."  Id.

After the trial court denied Vasquez's challenges for cause with respect to three prospective jurors he considered biased, he exercised his peremptory challenges to remove those persons from the venire. "Because peremptory challenges are a creature of statute and are not required by the Constitution, it is for the State to determine the number of peremptory challenges allowed and to define their purpose and the manner of their exercise. As such, the 'right' to peremptory challenges is 'denied or impaired' only if the defendant does not receive that which state law provides." Id. at 89, 108 S. Ct. at 2279 (internal citations omitted). New York provided Vasquez with peremptory challenges and he exercised all the peremptory challenges accorded by the applicable state statute. Vasquez does not claim that any juror who served on the jury that convicted him was partial. Accordingly, Vasquez has failed to demonstrate that he is in custody in violation of the Constitution and he is not entitled to habeas corpus relief based on this claim.

*Denial of Continuance*

Vasquez asserts his right to a fair trial was violated when the trial court denied his application for an adjournment of the trial proceedings to permit him to prepare, and submit to the court, for its endorsement, material witness orders compelling four persons who testified at his first trial to appear and give testimony at his second trial. He maintains these witnesses would have testified that they had not seen a knife in his hands or in his vicinity on the date he was shot by Arcentales. The respondent contends the trial court exercised its discretion properly in denying a mid-trial continuance for the purpose of permitting Vasquez to prepare a written application for material witness orders because the testimony of those witnesses would not have been material.

7

"[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Holmes v. South Carolina, 547 U.S. 319, 324, 126 S. Ct. 1727, 1731 (2006)(citation omitted). A trial judge has broad discretion to grant or deny a continuance and the petitioner has the burden of showing that the denial of his request for a continuance was "so arbitrary as to violate due process." Ungar v. Sarafite, 376 U.S. 575, 589, 84 S. Ct. 841, 849-50 (1964). In determining whether the trial court abused its discretion by denying a request for a continuance, a reviewing court must consider the circumstances of each case and particularly "the reasons [for the request] presented to the trial judge at the time the request is denied." See id. at 589-90, 84 S. Ct. at 850.

After the prosecution presented all its witnesses, Vasquez made an oral application for a continuance to the trial court so he could make a written application for material witness orders. Vasquez stated that four witnesses, who testified at his first trial, provided information that was relevant and material to his defense. Three of those witnesses testified at the first trial that, after one of them had heard the shot and alerted the other two to look through their third floor apartment window, they saw Vasquez, lying on the sidewalk and they did not see a knife in his hands or in his vicinity. Furthermore, they testified, they did not hear any shouting prior to the shooting. That testimony, Vasquez asserted, was in tension with Arcentales' testimony that Vasquez yelled at him twice prior to the shooting. Vasquez also told the trial court that the fourth witness, who lived two buildings away from the site of the incident, testified at the first trial that, after he had heard the shot, he looked through the window and saw Vasquez on the ground, surrounded by police officers, but he did not see the knife in the street where Vasquez was lying. The fourth witness also testified it took the police four to five minutes to respond to

the crime scene.

The prosecutor opposed Vasquez's application for a continuance contending: (a) the transcript from the first trial demonstrated that the fourth witness had a vague memory at trial and that he testified he could not see anything because it was too dark; (b) the fourth witness' testimony, about how long it took the police to respond to the scene, is not relevant; (c) one of the three witnesses who testified to having heard the shot also testified that, when she first looked through the window, she was nervous and did not remember whether Vasquez was on the ground or whether it was raining that night or in what position Arcentales was; and (d) one of the four witnesses was an old and frail woman, whose health would be jeopardized if she were to be handcuffed in order to be brought to the court to testify. Moreover, the prosecutor contended, Vasquez had advance notice of the commencement of the second trial and sufficient time to secure these witnesses for trial.

The trial court denied the application for a continuance after determining that: (a) no need existed for testimony that Vasquez did not have a knife when he was on the ground because no testimony was provided to the jury indicating that the petitioner had a knife when he was on the ground; and (b) the testimony given by the four witnesses at the first trial was vague, "non conclusory" and not material or necessary, thus material witness orders were not warranted.

The reasons presented by Vasquez to the trial court for his application for a continuance did not demonstrate that the testimony he wanted to elicit from the four persons whose trial attendance he sought to compel was material. The transcript from Vasquez's first trial, presented to the trial court by the prosecutor, showed that the witnesses had vague memories when they testified and that some of the information, which Vasquez indicated he wanted to elicit from

9

them at his second trial, was not relevant.  The circumstances of this case show that the trial judge did not abuse his discretion, when he denied Vasquez's application for a continuance, because he found that the witnesses Vasquez sought to compel to attend and testify at his trial were not material and that the information he wanted them to convey to the jury was not necessary for the jury to learn in order to reach a verdict.  Vasquez has failed to satisfy his burden of showing that the trial court's denial of his request for a continuance violated his Due Process right.  Therefore, he is not entitled to habeas corpus relief based on this claim.

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the petition be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel, 500 Pearl Street, Room 2260, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Castel.  FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F. 3d 1049, 1054 (2d Cir. 1993); Frank v.

11

Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  Respectfully submitted,
      October 5, 2007

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Osvaldo Vasquez
Thomas B. Litsky, Esq.